**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4389**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GEORGE ANDREW MCNEIL,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:14-cr-00454-BHH-1)

———————

Submitted: March 16, 2016        Decided: April 11, 2016

———————

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

M.W. Cockrell, III, THE COCKRELL LAW FIRM, P.C., Chesterfield, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence South Carolina; Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Andrew McNeil pleaded guilty to conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2012). The district court sentenced McNeil to 262 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11. Finding no error, we affirm.

Appellate counsel questions on appeal whether the district court fully complied with Rule 11 in accepting McNeil's guilty plea. The purpose of the Rule 11 colloquy is to ensure that the plea of guilty is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

Because McNeil did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have reviewed the record and conclude that McNeil's guilty plea was knowingly and voluntarily entered. The district court fully complied with the requirements of Rule 11 and properly ensured that McNeil was pleading guilty voluntarily.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform McNeil, in writing, of the right to petition the Supreme Court of the United States for further review. If McNeil requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNeil. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED